Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
**EMERY REDDY PLLC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Tel: (206) 442-9106
Fax: (206) 441-9711
emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com

Carolyn H. Cottrell (*Pro Hac Vice forthcoming*)
California Bar No. 166977
Ori Edelstein (*Pro Hac Vice forthcoming*)
California Bar No. 268145
Danielle A. Fuschetti (*Pro Hac Vice forthcoming*)
California Bar No. 294064
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100
Fax:  (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
dfuschetti@schneiderwallace.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### YAKIMA DIVISION

| | |
|---|---|
| BRAINE JOHNSON, on behalf of himself and the putative Collective and Class Members, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF (CLASS AND COLLECTIVE ACTION)** |
| v. | |
| TREE TOP, INC. | |
| Defendant. | **JURY TRIAL DEMANDED** |

Braine Johnson ("Plaintiff"), on behalf of himself and all other Collective and Class Members, alleges as follows:

**INTRODUCTION**

1.     Plaintiff brings this class and collective action on behalf of himself and other individuals who work or have worked for Tree Top, Inc. ("Tree Top" or "Defendant") as non-exempt, hourly employees, to challenge Tree Top's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and Washington law.[1]

2.     This is a collective and class action complaint against Defendant to challenge its policies and practices of: (1) failing to pay Plaintiff and Class Members minimum wage for all hours worked; (2) failing to pay Plaintiff, Collective and Class Members overtime wages; (3) failing to authorize and permit Plaintiff and Class Members the timely, compliant meal and rest periods to which they are entitled by law; (4) willfully refusing to pay wages to Plaintiff and Class Members; and (5) failing to timely pay all wages upon separation from employment to Plaintiff and putative Class Members.

3.     Tree Top, Inc. is a cooperative headquartered in Selah, Washington, and operating in Wahington, California, and Oregon.

4.     Plaintiff and members of the Class are current and former employees who worked for Tree Top, Inc. as non-exempt hourly employees throughout Washington.

5.     Plaintiff and members of the Collective are current and former employees who worked for Tree Top, Inc. as non-exempt hourly employees throughout the United States, including in Washington, California, and Oregon.

6.     As a result of Defendant's violations, Plaintiff seeks full compensation on behalf of himself, and Collective and Class Members for all unpaid wages, unpaid overtime, non-compliant meal and rest periods. Plaintiff also seeks double and treble damages for willful non-payment of wages, penalties, declaratory relief, and restitution. Finally, Plaintiff seeks reasonable attorneys' fees

---

[1] Although Plaintiff is a former employee, the Collective and Class Members include current and former employees. For ease of discussion, the allegations herein are made in the present tense. As used throughout, the present tense also includes the past tense. Whether expressed in present or past tense, all violations are alleged to be continuing and ongoing.

and costs under the laws of FLSA and Washington law. Plaintiff seeks damages in an amount that exceeds $75,000.00

## JURISDICTION AND VENUE

7.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Washington state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. The Defendant resides in this judicial district and is subject to personal jurisdiction here.

## PARTIES

9.     Plaintiff and the putative Class and Collective members are current and former hourly, non-exempt employees who work for Tree Top throughout the United States, including in California, Oregon, and Washington.

10.     Plaintiff Braine Johnson is an individual over the age of eighteen and residing in Selah, Washington.

11.     Plaintiff was employed by Tree Top as a Team Lead from September 1, 2021 through July 7, 2023. The Class Members are all people who are or who have been employed by Defendant as hourly and non-exempt employees in the State of Washington within the three (3) years preceding the filing of this Complaint to the conclusion of this litigation.

12.     Plaintiff is informed, believes, and alleges that Tree Top is a for-profit corporation, with its principal office located at 230 E. 2nd Ave., Selah, WA 98942. Defendant may be served with process by serving its registered agent, Craig Green, at 220 E. 2nd Ave., Selah, WA 98942-1408.

13.     At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d), RCW 50A.05.010(7)(a), RCW 49.46.010(4), and WAC 296-130-020.

14.     At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Johnson, Braine v. Tree Top, Inc.*

15.     Plaintiff, Collective and Class members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e), WAC 296-130-020(2), and RCW 49.46.010(3)(a).

16.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17.     Defendant acts as employer of Plaintiff, Collective and Class members because Defendant, directly or indirectly, controls the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

18.     Here, Defendant had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

19.     At all material times, Tree Top has been Plaintiff's "employer" within the meaning of the FLSA, and Washington law.

20.     At all material times, Plaintiff, Collective and Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

21.     At all material times, Tree Top has done business under the laws of the United States, and Washington. Tree Top has employed Class and Collective members in this judicial district.

## FACTUAL ALLEGATIONS

22.     Plaintiff is informed, believes, and alleges that, Tree Top, Inc. is a Washington corporation, that is a farmer-owned cooperative that has become one of the leading processors of dried, frozen, pureed, and concentrated fruits, providing food ingredients to food companies globally. Plaintiff is informed, believes, and thereon alleges that Defendant employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff throughout the United States and in Washington.

23.     Plaintiff worked for Defendant as a Team Lead in Selah, Washington from approximately September 1, 2021, to July 7, 2023.

24.     Defendant pays Plaintiff, Collective and Class members on an hourly rate basis. Plaintiff was classified as a non-exempt employee and was paid a rate of approximately $23.67 per hour.

25.     Although Plaintiff's shifts varied in length, he usually worked approximately ten (10)

1  to twelve (12) hours or more per shift for approximately five (5) days per week. Thus, on average,

2  Plaintiff worked approximately fifty (50) to sixty (60) hours per week. Plaintiff worked more than

3  forty (40) hours in at least one workweek during the three years before this Complaint was filed.

4  While Plaintiff disputes that Wash. Rev. Code Ann. § 49.46.130(6) applies to Plaintiff, the Collective,

5  or the Class, and Plaintiff contends that he, the Collective, and the Class were employees and not

6  agricultural employees, to the extent a court determines otherwise, Plaintiff also asserts in the

7  alternative that Plaintiff also worked in excess of forty-eight (48) hours in at least one workweek

8  between January 1, 2023 and December 31, 2023 and in excess of fifty-five (hours) in at least one

9  workweek between January 1, 2022 and December 31, 2022.

10      26.     Defendant routinely requires Plaintiff, Collective and Class Members to perform work

11  donning and doffing personal protective equipment off-the-clock, including during their meal breaks,

12  without compensation. Defendant requires that Plaintiff, Collective and Class members use personal

13  protective equipment while performing duties for Defendant. This protective gear includes arm

14  guards, safety hats, disposable plastic aprons, gloves, goggles, and ear plugs. Plaintiff, Collective and

15  Class Members are required to don and doff such special safety equipment while off-the-clock,

16  including during meal breaks. Plaintiff, Collective and Class Members are required to clock out for

17  meal periods and then remove safety gear and, upon returning, to don safety gear, prior to clocking

18  back in. Plaintiff estimates that it takes approximately 3-5 minutes to don safety gear and

19  approximately 3-5 minutes to remove safety gear.  Although Defendant benefits from this off-the-

20  clock work, Defendant does not compensate Plaintiff, Class, or Collective Members for this time.

21      27.     Defendant also requires Plaintiff, Collective and Class Members to perform other work

22  off-the-clock during their meal breaks, without compensation. Plaintiff's, and Collective and Class

23  Members' meal periods are on-duty, and alternatively on-call. Plaintiff, Collective and Class Members

24  are required to remain onsite during their breaks, and to listen for, to respond to, and to carry out

25  requests from management during their meal breaks. For example, Plaintiff was routinely directed to

26  return to his work station or help with repairs during his lunches, and did so while off the clock. Upon

27  information and belief, Defendant interrupts Collective and Class Members' meal breaks to request

28  work, which they perform, while clocked out. Although Defendant benefits from this off-the-clock

1    work, Defendant does not compensate Plaintiff, Class, or Collective Members for this time.

2          28.    Defendant also requires Plaintiff, Collective and Class Members to perform work

3    during their rest breaks, without providing additional compensation, effectively increasing the amount

4    of work performed each day by the duration of the rest breaks employees are required to work

5    through. Defendant requires Plaintiff, Collective and Class Members to don and doff safety gear

6    during purported rest breaks. In addition, Plaintiff, Collective and Class Members are required to

7    work through or to remain onsite during their breaks, and to listen for, to respond to, and to carry out

8    requests from management during their rest breaks. Consequently, Plaintiff's, Collective and Class

9    Members' rest periods are on-duty, or alternatively, on-call. Although Defendant benefits from this

10   work, Defendant does not provide additional compensation to Plaintiff, Class, or Collective Members

11   for the additional work time Defendant extracts from employees on their breaks.

12         29.    As a result of this off-the-clock work during meal breaks, and work during rest breaks,

13   Defendant fails to compensate Plaintiff, Collective and Class Members all wages due, including

14   overtime wages. This failure results from Defendant's unlawful exclusion of off-the-clock work and

15   work during rest breaks from the total hours, including for overtime purposes. The unpaid off-the-

16   clock work performed by Plaintiff and Collective and Class Members is compensable under the FLSA

17   and applicable Washington law, as it was performed for the benefit of Defendant and constitutes

18   compensable time for which they were not properly paid.

19         30.    When Plaintiff and Collective and Class members worked more than forty hours in a

20   workweek, Defendant failed to compensate them at one and one-half times their regular rate of pay

21   for all overtime hours worked. While Plaintiff disputes that Wash. Rev. Code Ann. § 49.46.130(6)

22   applies to Plaintiff, the Collective, or the Class, and Plaintiff contends that he, the Collective, and the

23   Class were employees and not agricultural employees, to the extent a court determines otherwise,

24   Plaintiff asserts in the alternative that, 1) when Plaintiff and Class members worked more than forty-

25   eight (48) hours in a workweek between January 1, 2023 and December 31, 2023, Defendant failed

26   to compensate them at one and one-half times their regular rate of pay for all overtime hours worked,

27   and 2) when Plaintiff and Class members worked more than fifty-five (55) hours in a workweek

28   between January 1, 2022 and December 31, 2022, Defendant failed to compensate them at one and

one-half times their regular rate of pay for all overtime hours worked. This failure to pay overtime resulted from Defendant's unlawful exclusion of off-the-clock work from the total hours calculated for overtime purposes. The unpaid off-the-clock work performed by Plaintiff and Collective and Class Members is compensable under FLSA and applicable Washington law, as it was performed for the benefit of Defendant and constitutes compensable time for which they were not properly paid.

31.    Defendant regularly fails to provide Plaintiff and Class Members with compliant meal periods as required under Washington law. Meal periods are not provided, or are untimely, subject to interruption, shortened, and/or otherwise noncompliant. At times, Defendant requires Plaintiff and Class Members to skip their meal breaks entirely. For example, and without limitation, Plaintiff was generally denied meal breaks on a daily or near-daily basis for several months because Defendant failed to schedule sufficient staff to cover for him. When Plaintiff and Class Members do attempt to take a meal break, such breaks are, as discussed above, on-duty or alternatively, on-call. Defendant requires Plaintiff and Class Members to perform work during their breaks, including but not limited to donning and doffing safety gear, remaining onsite, and listening for, responding to, and carrying out requests from management to return to their worksites or perform other tasks for Defendants' benefit. When first meal breaks are attempted, they are frequently later than Washington law requires. As a result, Plaintiff and Class Members are not provided duty-free, uninterrupted, and timely thirty-minute meal periods. Defendant does not pay meal period premiums for these missed and non-compliant meal periods.

32.    On days when Plaintiff and other Class Members work shifts exceeding eleven hours, Defendant fails to provide a second, legally required 30-minute meal period. As a result, Plaintiff and Class Members are consistently denied the full second meal periods to which they are entitled Washington labor laws. Defendant does not pay meal period premiums for these missed and non-compliant meal periods.

33.    Defendant regularly fails to provide Plaintiff and Class Members with legally compliant rest periods required under Washington law. Rest breaks are frequently missed, untimely, subject to interruption, shortened, and/or otherwise noncompliant. Like meal breaks, rest breaks are on-duty, or alternatively, on-call. Defendant shortens rest breaks by requiring Plaintiff and Class

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Johnson, Braine v. Tree Top, Inc.*

Members to don and doff safety gear during purported rest breaks. When Plaintiff and Class Members do attempt to take a rest break, such breaks are, as discussed above, on-duty or alternatively, on-call. Defendant requires Plaintiff and Class Members to perform work during their breaks, including but not limited to donning and doffing safety gear, remaining onsite, and listening for, responding to, and carrying out requests from management to return to their worksites or perform other tasks for Defendants' benefit. As a result, Plaintiff and Class Members are not provided duty-free, uninterrupted, and timely ten-minute rest periods. Defendant does not pay rest period premiums for these missed and non-compliant rest periods.

34.    Plaintiff is informed, believes, and thereon alleges that Defendant utilizes and applies these meal and rest break policies and practices across all of Defendant's job sites throughout the United States.

35.    These violations of the FLSA and Washington law are willful, and Defendant cannot demonstrate a good faith basis for any purported belief that their conduct complied with either the FLSA, and/or Washington law.

36.    Collective and Class members were and are employed by Defendant and perform work materially similar to Plaintiff.

37.    Plaintiff, Collective and Class members report to locations owned, operated, or managed by Defendant to perform their jobs.

38.    Plaintiff, Collective and Class members perform their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

39.    Plaintiff, Collective and Class members are required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

40.    At the end of each pay period, Plaintiff, Collective and Class members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

41.    Defendant has employed hundreds of people similarly-situated to Plaintiff during the three-year period prior to the filing of this Complaint.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Johnson, Braine v. Tree Top, Inc.*

42.     Defendant's common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Plaintiff, and the Collective and Class members. In particular, Defendant has failed to record hours that Plaintiff and Collective and Class members worked off-the-clock during purported meal and rest breaks.

### COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

43.     Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated employees defined as:

> **All current and former non-exempt, hourly employees of Tree Top, Inc. throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action. (the "Collective")**

44.     Plaintiff, individually and on behalf of all similarly situated individuals as defined above, seeks relief on a collective basis challenging Defendant's unlawful policies and practices, including the failure to accurately record all hours worked and the failure to properly compensate employees for all hours worked, including overtime wages. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

45.     The members of the Collective are similarly situated in that they share substantially similar job duties and responsibilities and are subject to Defendant's common policies, practices, and procedures. These uniform practices require Collective Members to perform work and subsequently result in unlawful deductions of time, causing them to work without receiving proper compensation, in violation of the FLSA.

46.     Plaintiff is a representative of the members of the Collective and is acting on behalf of their interests as well as his own interests in bringing this action.

47.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective.  Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

48.     The similarly situated members of the Collective are known to Defendant, are readily

identifiable, and may be located through Defendant's employment records. These individuals may be promptly notified of the pendency of this action and afforded the opportunity to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages (or, in the alternative, prejudgment interest), and reasonable attorneys' fees and costs under the FLSA. Plaintiff anticipates submitting a proposed notice or notices to similarly situated employees, subject to Court approval, to be disseminated via United States Mail and other appropriate means. Such notice(s) will inform FLSA collective members of their right to opt in to this action pursuant to 29 U.S.C. § 216(b) by submitting a written consent by the deadline specified in the notice. The notice(s) will also advise that any judgment rendered in this action— whether favorable or unfavorable—will be binding on all individuals who timely opt in to the FLSA collective action.

## **RULE 23 CLASS ACTION ALLEGATIONS**

49.    Plaintiff brings causes of action as a class action on behalf of himself and all others similarly situated employees pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

50.    The Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly-paid, non-exempt employees of Tree Top, Inc. who worked in the State of Washington within the three (3) years preceding the filing of this Complaint until the conclusion of this litigation.**

51.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

52.    **Numerosity**:  The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable. Joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendant's employment records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

53.    **Commonality**:  There are questions of law and fact common to Plaintiff and the

putative Class that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

      i.   Whether Defendant fails to pay Plaintiff and Class Members for all hours worked, including all required minimum wages and overtime compensation;

     ii.   Whether Defendant fails to provide Plaintiff and Class Members to take the bona fide, timely, full-length, and otherwise compliant meal breaks to which they are entitled under Washington law;

   iii.   Whether Defendant fails to pay Plaintiff and Class Members required wages and premiums/penalties when Defendant fails to provide Plaintiff and Class Members bona fide, timely, full-length, and otherwise compliant meal breaks to which they are entitled under Washington law;

   iv.   Whether Defendant fails to provide Plaintiff and Class Members to take bona fide, timely, full-length, and otherwise compliant rest breaks to which they are entitled under Washington law;

     v.   Whether Defendant fails to pay Plaintiff and Class Members required premiums/penalties when Defendant fails to provide Plaintiff and Class Members bona fide, timely, full-length, and otherwise compliant rest breaks to which they are entitled under Washington law;

   vi.   Whether Defendant's policy and practice of failing to pay Plaintiff and Class Members all wages due upon the end of their employment violated Washington law;

  vii.   Whether Defendant's actions were "willful" as that term is understood in Washington wage and hour law; and

54. **Typicality:** Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

55. **Adequacy of Representation**: Plaintiff is a member of the Class, does not have any

conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

56.     **Superiority of Class Action**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

57.     If each individual putative Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial and legal resources. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime**
**Pursuant to 29 U.S.C. §§ 201, *et seq*.**
**(On Behalf of Plaintiff and the Collective Against Defendant)**

58.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

59.     The FLSA requires that covered employees receive overtime compensation at no less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a

1    work week. 29 U.S.C. § 207(a)(1).

2    60.    At all times material herein, Plaintiff and the Collective are covered employees entitled

3    to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

4    61.    Defendant is a covered employer required to comply with the FLSA's mandates.

5    62.    Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, *inter*

6    *alia*, failing to compensate Plaintiff and the Collective at the legally mandated overtime rate for work

7    over 40 hours in a week. *See* 29 U.S.C. § 206; 29 U.S.C. § 207(a), (g); 29 C.F.R. § 531.35. Defendant

8    has also violated the FLSA by failing to keep required, accurate records of all hours worked by

9    Plaintiff and the Collective. 29 U.S.C. § 211(c).

10    63.    Plaintiff and the Collective are victims of a uniform and company-wide compensation

11    policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-

12    exempt, hourly employees of Defendant, working throughout the United States.

13    64.    Plaintiff and the Collective are entitled to damages equal to the mandated overtime

14    premium pay within the three years preceding the filing of the original complaint, plus periods of

15    equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for

16    whether the alleged conduct was prohibited by the FLSA.

17    65.    Defendant acted neither in good faith nor with reasonable grounds to believe that its

18    actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the

19    Collective are entitled to recover an award of liquidated damages in an amount equal to the amount

20    of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

21    66.    As a result of the aforesaid violations of the FLSA's provisions overtime compensation,

22    has been unlawfully withheld by Defendant from Plaintiff and the Collective. Accordingly, Defendant

23    is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and

24    costs of this action.

25    67.    Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

26

27

28

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Johnson, Braine v. Tree Top, Inc.*

### SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wages for All Hours Worked**
**Pursuant to RCW 49.46.090 & 49.46.020**
**(On Behalf of Plaintiff and the Class Against Defendant)**

68.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

69.     Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act. If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount due to such employee, less any amount actually paid to the employee, and costs and such reasonable attorney's fees as may be allowed by the court.

70.     RCW 49.46.020(2)(a) provides, "[b]eginning on January 1, 2021, and each following January 1st as set forth under (b) of this subsection, every employer shall pay to each of his or her employees who has reached the age of eighteen years wages at a rate of not less than the amount established under (b) of this subsection."

71.     RCW 49.46.020(2)(b) provides, "[o]n September 30, 2020, and on each following September 30th, the department of labor and industries shall calculate an adjusted minimum wage rate to maintain employee purchasing power by increasing the current year's minimum wage rate by the rate of inflation. The adjusted minimum wage rate shall be calculated to the nearest cent using the consumer price index for urban wage earners and clerical workers, CPI-W, or a successor index, for the twelve months prior to each September 1st as calculated by the United States department of labor. Each adjusted minimum wage rate calculated under this subsection (2)(b) takes effect on the following January 1st."

72.     As described above, Defendant enacts and maintains policies and practices that deprive Plaintiff and Class Members of minimum wage compensation for all hours worked, including Class Members performing work related duties "off-the-clock" during meal breaks and performing work-related duties on rest breaks. As a result of these unlawful practices, Defendant fails to pay Plaintiff and Class Members all wages owed, in violation of RCW 49.46.090 and RCW 49.46.020.

73.     As a result of the unlawful acts by Defendant, Plaintiff and the Class Members have

been deprived of regular and overtime compensation in an amount to be determined at trial. Pursuant to RCW 49.46.090 and RCW 49.48.030, Plaintiff and the Class members are entitled to recover attorneys' fees and costs of suit, as well as pre- and post- judgment interest at the rate of 12% per annum (RCW 19.52.020).

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime**
**Pursuant to RCW 49.46.130**
**(On Behalf of Plaintiff and the Class Against Defendant)**

74.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

75.    Pursuant to RCW 49.46.130(1), Defendant is required to pay Plaintiff and Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

76.    In the alternative, while Plaintiff disputes that Wash. Rev. Code Ann. § 49.46.130(6) applies to Plaintiff, the Collective, or the Class, and Plaintiff contends that he, the Collective, and the Class were employees and not agricultural employees, to the extent a court determines otherwise, pursuant to RCW 49.46.130(6):

a.    From January 1, 2022 through December 31, 2022, Defendant was required to pay Plaintiff and Class Members one and one-half times their regular rate of pay for all hours worked in excess of 55 hours in a given workweek, when those wages were due, but willfully failed to do so.

b.    From January 1, 2023 through December 31, 2023, Defendant was required to pay Plaintiff and Class Members one and one-half times their regular rate of pay for all hours worked in excess of 48 hours in a given workweek, when those wages were due, but willfully failed to do so.

c.    Beginning January 1, 2024, Defendant was required to pay Plaintiff and Class Members one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a given workweek, when those wages were due, but willfully failed to do so.

77.     RCW 49.46.090(1) states that:

Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court. Any agreement between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action.

78.     Plaintiff and Class Members are entitled to recover unpaid overtime under Washington law, and they are also entitled to declaratory relief stating Defendant violated the statute, and continues to violate the statute.

79.     Plaintiff further seeks declaratory relief stating Defendant is in violation of RCW 49.46.130 for failing to compensate Class members for work performed for the benefit of Defendant that was performed while off-the-clock on meal breaks or while on rest breaks.

80.     Plaintiff and Class Members who are within the applicable three-year statute of limitations are entitled to collect the difference between the wages received that were then due and the overtime wages due in an amount to be proven at trial, together with double damages (RCW 49.52.070), attorney fees, costs and disbursements (RCW 49.12.150; RCW 49.48.030), civil penalties (RCW 49.12.170), as well as pre-and post-judgment interest at the rate of 12% per annum (RCW 19.52.020).

**FOURTH CAUSE OF ACTION**
**Failure to Provide Meal Breaks**
**Pursuant to RCW 49.120.020 & WAC 296-126-092, and alternatively WAC 296-131-020**
**(On Behalf of Plaintiff and the Class Against Defendant)**

81.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

82.     WAC 296-126-092 provides:

(1) Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

(2) No employee shall be required to work more than five consecutive hours without a meal period.

(3) Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.

83.     Alternatively, while Plaintiff disputes that WAC 296-131-020 applies, and Plaintiff contends that he, the Collective, and the Class were employees and not agricultural employees, to the extent a court determines otherwise, pursuant to WAC 296-131-020:

> (1) Every employee employed more than five hours shall receive a meal period of at least thirty minutes. Employees working eleven or more hours in a day shall be allowed at least one additional thirty-minute meal period.

84.     Defendant implements policies and practices that prevent Plaintiff and Class Members from taking the full, timely 30-minute meal breaks to which they are entitled by requiring that they remain on-duty, and alternatively on call on Defendant's premises and for Defendant's benefit, during their breaks, preventing them from taking meal breaks, and by interrupting and shortening such breaks and requiring them to perform work during such breaks. Defendant's failure to provide compliant meal breaks was and is in violation of RCW 49.120.020 and WAC 296-126-092, and alternatively WAC 296-131-020.

85.     When breaks are provided, they are frequently untimely. Such untimely breaks were and are in violation of RCW 49.120.020 and WAC 296-126-092, and alternatively WAC 296-131-020(1).

86.     Because Plaintiff and Class Members were engaged in work activities during meal break times, they are entitled to be compensated 30 minutes for each missed meal break, plus double damages on the unpaid amount for Defendant's willful failure to pay. *See Androckitis v. Virginia Mason Med. Ctr.*, 556 P.3d 714 (Wash. Ct. App. 2024).

87.     As a result of these unlawful acts, Plaintiff and Class Members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, and attorneys' fees and costs under RCW 49.48.030.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Rest Breaks**
**Pursuant to RCW 49.120.020 and WAC 296-126-092 and alternatively WAC 296-131-020**
**(On Behalf of Plaintiff and the Class Against Defendant)**

88.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

89.     WAC 296-126-092 provides:

(4) Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

(5) Where the nature of the work allows employees to take intermittent rest periods equivalent to ten minutes for each four hours worked, scheduled rest periods are not required.

90.     Alternatively, while Plaintiff disputes that WAC 296-131-020 applies, and Plaintiff contends that he, the Collective, and the Class were employees and not agricultural employees, to the extent a court determines otherwise, pursuant to WAC 296-131-020:

(2) Every employee shall be allowed a rest period of at least ten minutes, on the employer's time, in each four-hour period of employment.

91.     Defendant implements policies and practices that prevent Plaintiff and Class Members from taking a 10-minute uninterrupted rest break by requiring that they remain on-duty, and alternatively on call on Defendant's premises and for Defendant's benefit, during their breaks, preventing them from taking breaks, and by interrupting and shortening such breaks and requiring them to perform work during such breaks. Defendant's failure to provide compliant rest breaks was and is in violation of RCW 49.120.020 and WAC 296-126-092, and alternatively WAC 296-131-020(2).

92.     Plaintiff and Class Members are entitled to be compensated for work performed during such rest break, plus double damages on the unpaid amount for Defendant's willful failure to pay. *See Androckitis,* 556 P.3d at 714; *Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 287 P.3d 516 (Wash. 2012).

93.     As a result of these unlawful acts, Plaintiff and Class Members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, and attorneys' fees and costs under RCW 49.48.030.

### SIXTH CAUSE OF ACTION
**Willful Refusal to Pay Wages**
**Pursuant to RCW 49.52.050**
**(On Behalf of Plaintiff and the Class Against Defendant)**

94.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

1  herein.

2  95.     RCW 49.52.050(2) provides that any employer or agent of any employer who

3  "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any

4  employee a lower wage than the wage such employer is obligated to pay such employee by any

5  statute, ordinance, or contract" shall be guilty of a misdemeanor.

6  96.     RCW 49.52.070 provides that any employer who violates the foregoing statute shall be

7  liable in a civil action for twice the amount of wages withheld, together with costs of suit and

8  reasonable attorneys' fees.

9  97.     An employer's nonpayment of wages is willful and made with intent "when it is the

10  result of knowing and intentional action and not the result of bona fide dispute as to the obligation of

11  payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 849 (2002) (quoting *Chelan Cnty.*

12  *Deputy Sheriffs' Ass'n v. Chelan County*, 109 Wn.2d 282, 300 (1987)).

13  98.     Defendant intentionally fails to pay all wages owed to Plaintiff and the Class, including

14  overtime wages, minimum wages, and regular hourly rate wages, by requiring Plaintiff and Class

15  Members to work during their meal and rest periods. Defendant knew or should have known that its

16  employment policies violated Washington law, and its failure to pay wages owed to Plaintiff and the

17  Class was "willful" under RCW 49.52.050(2).

18  99.     Because Defendant's failure to pay wages owed was "willful," Plaintiff and the Class

19  Members are entitled to double recovery pursuant to RCW 49.52.070.

20  **SEVENTH CAUSE OF ACTION**
**Failure to Pay Wages Owed at Termination**
21  **Pursuant to RCW 49.48.010**
22  **(On Behalf of Plaintiff and the Class Against Defendant)**

23  100.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

24  herein.

25  101.     RCW 49.48.010 provides that "[w]hen any employee shall cease work for an employer,

26  whether by discharge or by voluntary withdrawal, the wages due him on account of his employment

27  shall be paid to him at the end of the established pay period."

28  102.     By the actions alleged above, Defendant has violated and continues to violate the

1   provisions of RCW 49.48.010.

2       103.   As a result of the unlawful acts of Defendant, Plaintiff and Class Members have been

3 deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.48.030,

4 Plaintiff and the Class Members are entitled to such damages, including interest thereon, as well as

5 attorneys' fees and costs.

6                                     **PRAYER FOR RELIEF**

7       104.   For these reasons, Plaintiff, Collective and Class Members respectfully request that

8 judgment be entered in their favor awarding the following relief:

9            i.   An order preventing Defendant from retaliating in any way against Plaintiff and any

10               Collective or Class Member who joins or elects not to opt-out of the present suit

11               based on their pursuit of these claims alleged herein;

12          ii.   An order designating this action as a collective action on behalf of the Collective and

13               issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

14        iii.   An order finding that Defendant violated the FLSA;

15        iv.   An order finding Defendant violated the FLSA willfully;

16         v.   All unpaid wages due under the FLSA;

17        vi.   An equal amount as liquidated damages as allowed under the FLSA;

18        vii.   Reasonable attorneys' fees, costs, interest, and expenses of this action as provided by

19              the FLSA;

20       viii.   An order certifying this case as a Class Action under Rule 23 of the Federal Rules of

21              Civil Procedure;

22        ix.   An order finding that Defendant violated Washington law;

23         x.   All unpaid regular wages due under Washington law;

24        xi.   All unpaid overtime wages due under Washington law to the extent same does not

25              duplicate overtime wages due under the FLSA;

26       xii.   An award of double damages as provided by Washington law;

27      xiii.   An award of treble damages as provided by Washington law;

28      xiv.   An award of penalties under RCW 49.12.170;

1        xv.   All compensatory damages due under Washington, including lost wages, earnings,

2             and other employee benefits, restitution, and all other sums of money owed to

3             Plaintiff, Collective and Class Members, together with interest on these amounts,

4             according to proof;

5        xvi.   All attorneys' fees, costs and disbursements as provided by Washington law;

6       xvii.   For interest on any damages and/or penalties awarded, as provided by applicable law;

7             and

8      xviii.   Such other and further relief as this Court deems just and proper.

9

10  Dated: June 30, 2025                Respectfully Submitted,

11

12                    By:    */s/ Timothy W. Emery*
                    By:    */s/ Patrick B. Reddy*

13                    By:    */s/ Paul Cipriani*

14                         Timothy W. Emery, WSBA No. 34078
                       Patrick B. Reddy, WSBA No. 34092

15                       Paul Cipriani, WSBA No. 59991
                       emeryt@emeryreddy.com

16                       reddyp@emeryreddy.com
                       paul@emeryreddy.com

17                       Tel: (206) 442-9106
                       **EMERY REDDY, PLLC**

18

19                       Carolyn H. Cottrell (*Pro Hac Vice*)
                       California Bar No. 166977

20                       Ori Edelstein (*Pro Hac Vice*)
                       California Bar No. 268145

21                       ccottrell@schneiderwallace.com
                       oedelstein@schneiderwallace.com

22                       Tel: (415) 421-7100
                       **SCHNEIDER WALLACE**

23                       **COTTRELL KONECKY LLP**

24                       *Attorneys for Plaintiff*

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: June 30, 2025                    Respectfully Submitted,

By:    */s/ Timothy W. Emery*
By:    */s/ Patrick B. Reddy*
By:    */s/ Paul Cipriani*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
Tel: (206) 442-9106
**EMERY REDDY, PLLC**

Carolyn H. Cottrell (*Pro Hac Vice*)
California Bar No. 166977
Ori Edelstein (*Pro Hac Vice*)
California Bar No. 268145
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
Tel: (415) 421-7100
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

*Attorneys for Plaintiff*